```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: Xx/xx/xxx
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TIMOTHY SCOTT,

                      Petitioner,

         -v-

LEROY FIELDS,

                      Respondent.
------------------------------------------------------------------X

20-cv-810 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

    Respondent moves to dismiss Petitioner's habeas corpus petition as moot. For the following reasons, the motion is GRANTED.

## BACKGROUND

    Timothy Scott ("Scott" or "Petitioner") pleaded guilty in New York state court to first-degree sexual abuse. Dkt. No. 18 at 2. He was sentenced to four years in prison, plus six years of post-release supervision. *Id.* Under New York's Sexual Assault Reform Act ("SARA"), N.Y. Exec. Law § 259-c(14), sex offenders are subject to certain restrictions on where they can reside after their release from prison. When a sex offender has completed his period of incarceration, but is unable to find SARA-compliant housing, the New York State Department of Corrections and Community Supervision (DOCCS) is authorized by statute to require him to serve his period of post-release supervision at a residential treatment facility ("RTF") until he finds a residence that meets SARA's requirements. N.Y. Penal Law § 70.45(3).

    Petitioner was released in February 2018. Upon his release, Petitioner was unable to find SARA-complaint housing, and, as a result, DOCCS required him to remain at Fishkill RTF until

he could find appropriate housing.  Dkt. No. 18 at 3.  In January 2020, Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging DOCCS's requirement that he remain in Fishkill RTF.  *Id*.  Petitioner sought a declaratory judgment that DOCCS had a duty to provide reintegration services to Petitioner and injunctive relief, "prohibiting DOCCS from using the SARA Law to extend the confinement portion of petitioners [sic] sentence, and [forcing] DOCSS to operate the designated RTFs as reintegration facilities as the New York State legislature intended and in compliance with the statutory mandate of an RTF."  Dkt. No. 1 at 14.  He also asked the Court to find New York's implementation of SARA unconstitutional under the ex post facto clause and the 8th Amendment of the U.S. Constitution.  *Id*.

After filing his petition, Petitioner found a SARA-compliant apartment and was released from the RTF on July 2, 2020.  *Id*.  On July 9, 2020, the Government filed the instant motion to dismiss the petition as moot, or, alternatively, to dismiss the petition for failure to exhaust state law remedies.  Dkt. No. 18.  Petitioner did not file a response.

## DISCUSSION

"In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999).  If a prisoner is released while habeas proceedings are still pending, the petition becomes moot absent a "concrete and continuing injury other than the now-ended incarceration," as a continuing collateral consequence of the petitioner's prior incarceration or conviction.  *Spencer v. Kemna*, 523 U.S. 1, 8 (1998).  In such a situation, the petitioner bears the burden of demonstrating a "continuing injury sufficient to create an Article III case or controversy."  *Mercurris*, 192 F.3d at 294.  There is, however, a narrow exception for claims that are "capable of repetition, yet evading review."

*Olmstead v. Zimring*, 527 U.S. 581, 594 n.6 (1999).

Petitioner is not suffering a continuing injury from the conduct alleged in the petition. Petitioner did not challenge his conviction or the legality of the sentence imposed upon him. Instead, he challenged only the manner in which his sentence was being imposed, insofar as it required him to remain in the Fishkill RTF at the beginning of his term of supervised release. Having found SARA-complaint housing, Petitioner has been released from the Fishkill RTF and thus has obtained the relief he sought in his petition. *See Garcia v. Schultz*, 2010 WL 1328349, at *4-5 (S.D.N.Y. Jan. 13, 2010) (holding that a parolee's challenge to the length of his sentence on the grounds of ineffective assistance of counsel was moot once his period of parole had expired). Thus, there is no continuing injury for the Court to remedy.

The question remains whether Petitioner's claim falls under the exception to mootness permitting claims to go forward when they are "capable of repetition, yet evading review." This exception applies where: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer*, 523 U.S. at 17. The "capable-of-repetition doctrine applies only in exceptional situations." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). Although "*absolute* certainty of injury is not required for a case to be constitutionally ripe," *Simmonds v. I.N.S.*, 326 F.3d 351, 358 (2d Cir. 2003) (emphasis in original), "the expectation that the dispute will recur must be reasonable and not wholly speculative." *Pierre-Paul v. Sessions*, 293 F. Supp. 3d 489, 492 (S.D.N.Y. 2018) (citing *Dennin v. Conn. Interscholastic Athletic Conference, Inc.*, 94 F.3d 96, 101 (2d Cir. 1996)). Courts generally do not apply the exception where the action "capable of repetition" requires future violations of the law. *See United States v. Corbin*, 620 F. Supp. 2d 400, 407 (E.D.N.Y. 2009).

As Respondent argues, Petitioner is unlikely to be required to serve another part of his term of post-release supervision in an RTF.  Dkt. No. 18 at 8.  Now that he has found SARA-compliant housing, he will remain there so long as he abides by the conditions of his release.  In order for the situation at issue here to present itself again, Petitioner would need both to violate the conditions of his release and once again to be unable, once released from incarceration, to find housing compliant with SARA.  *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982) ("[A] mere physical or theoretical possibility [is not] sufficient to satisfy" the requirement that there be a reasonable expectation that the situation will recur).  Because Petitioner is legally bound to abide by the conditions of his supervised release, there can be no reasonable expectation that the Government action of which he complains will occur again.  *See Leybinsky v. U.S. Immigr. & Customs Enforcement*, 553 Fed. App'x 108, 109-10 (2d Cir. 2014) (holding that "[i]t cannot be assumed for this purpose [i.e., establishing a reasonable expectation that the same issue will arise again] that [petitioner] will continue to violate the terms of his release and become subject to renewed detention").

Further, the potential challenged action is not so short in duration that it would evade judicial review.  As Respondent observes, Petitioner spent almost two years in the RTF before he filed this lawsuit.  *Id*. at 9.  If he does again find himself serving a term of post-release supervision in an RTF because he cannot find SARA-compliant housing, he may file another case at that time.

As Scott has been released from prison, his petition is moot.  Because the action Scott challenges is not too short to be litigated and because there is no reasonable expectation that it will arise again, Respondent's conduct is not capable of repetition, yet evading review.  Thus, the petition does not fall within the exception to the mootness rule.  Because the petition is moot, the

Court has no subject matter jurisdiction over this case. Accordingly, it is not necessary for the Court to reach the issue of Petitioner's failure to exhaust state law remedies.

Respondent's motion to dismiss is GRANTED.

SO ORDERED.

Dated: December 3, 2020
New York, New York

_____
LEWIS J. LIMAN
United States District Judge